**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEBBIE K. ANDERSON, individually and on behalf of those similarly situated** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) CIVIL NO.11-609-GPM<br>) |
| **LEADING EDGE RECOVERY SOLUTIONS, LLC,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Debbie K. Anderson filed her complaint on July 14, 2011 (Doc. 2) and was subsequently given leave to amend and add class claims (Doc. 18). Ms. Anderson alleges that she never authorized Defendant, a debt-collection agency working on behalf of Capital One, to call her cell phone, but she nevertheless received and was charged for calls from Defendant. She alleges that Defendant's operators never identified themselves as representatives of a debt collector and never identified Leading Edge Recovery or identified Leading Edge Recover as a debt collector. There are two counts in the complaint: (1) Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*; and (2) Defendant violated the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 *et. seq.*

Defendant filed a motion for summary judgment on February 21, 2012 (Doc. 52). Plaintiff responded and the Court held a hearing on Defendant's motion April 23, 2012 (Docs. 65, 66, 69). The Court has fully considered the parties' papers and oral arguments and, for the reasons stated

below, now **DENIES** Defendant's motion for summary judgment.

Facts

Defendant submitted a "statement of uncontested facts" as part of its motion for summary judgment (Doc. 53-2). According to Defendant, Plaintiff opened a Capital One Platinum MasterCard account in October 2002, used and maintained a balance on that account, and received a 2010 Capital One Customer Agreement in connection with the account. Plaintiff incurred debt on the account and Capital One contracted her debt to Defendant for collection. Defendant sent Plaintiff a June 27, 2010 collection letter. Plaintiff then received six collection calls. The callers left their names and return numbers, but did not identify themselves as representatives of Defendant. Defendant states that it was authorized by Capital One to make these calls to Plaintiff and that Capital One is Leading Edge's customer. Defendant also claims that the collection calls resulted in no "special charges" to Plaintiff.

Unfortunately–in the context of a motion for summary judgment, and as the Court deems some of these fact issues to be material–Plaintiff does contest several of Defendant's "uncontested facts" (Doc. 65). Plaintiff denies that Defendant was authorized by Capital One to call her cell phone, citing the "Master Services Agreement" between Capital One and Leading Edge. Plaintiff classifies Leading Edge as an independent contractor for Capital One. Plaintiff adds the following "uncontroverted" facts, which Defendant in turn controverts (Doc. 68): Defendant trained its employees to leave voice messages that violate the FDCPA; Capital One refused to allow Defendant to use Capital One assets, which included documentation; Capital One did not provide Defendant with copies of the 2010 Customer Agreement; Plaintiff never gave her cell number to Capital One and does not know how Capital One obtained that number; Plaintiff never authorized Capital One

to call her cell number using an automated telephone dialing system; and Plaintiff never consented to Defendant calling her on her cell phone using an automatic telephone dialing system (Doc. 68).

Defendant's Motion for Summary Judgment

Defendant challenges Plaintiff's standing to bring this suit, claiming Ms. Anderson has not sustained an injury-in-fact, and is seeking only statutory damages. In response, Plaintiff claims that the Seventh Circuit has rejected such a position in *Keele v. Wexler,* 149 F.3d 585, 593-94 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages.").

Defendant claims there is no FDCPA § 1692(d)(6) violation because the statute does not require it to identify itself as a "debt collector," it only requires Defendant to give the caller's identity. Defendant also argues that there is no evidence it caused charges to be made by concealment, so there is no FDCPA § 1692(f)(5) violation, and because the evidence that Plaintiff was left six 'annoying' voicemails is insufficient to show harassment or abuse, there is no FDCPA § 1692(d)(5) violation. Plaintiff responds that Defendant *is* required to disclose that it is a debt collection company, and that it is undisputed Defendant did not identify itself either by name or as a debt collector.

Defendant argues that it is entitled to summary judgment on Plaintiff's TCPA claim because Plaintiff *did* give her authorized consent for the calls–via the 2010 Capital One Customer Agreement. Plaintiff agrees she did receive that 2010 Capital One Customer Agreement (Doc. 65). Defendant points to the "Communications" section of that Agreement, which states:

> We may contact you from time to time regarding your *Account.* We may contact you in any manner we choose unless the law says that we cannot. For example, we may:
>
> (1) contact you by mail, telephone, email, fax, recorded message, text message or

> personal visit;
> (2) contact you using an automated dialing or similar device ("Autodialer");
> (3) contact you at your home and at your place of employment
> (4) contact you on your mobile telephone;
> (5) contact you at any time, including weekends and holidays;
> (6) contact you with any frequency;
> (7) leave prerecorded and other messages on your answering machine/service and with others; and
> (8) identify ourselves, your relationship with us and our purpose for contacting you even if others might hear or read it.
>
> Our contacts with you about your *Account* are not unsolicited and might result from information we obtain from you or others. We may monitor or record any conversation or other communication with you. Unless the law says we cannot, we may modify or suppress caller ID and similar services and identify ourselves on these services in any manner we choose. When you give us or we obtain your mobile telephone number, we may contact you at this number using an Autodialer and can also leave prerecorded and other messages. We may do these things whether we contact you or you contact us.

(Doc. 53-7, p. 9), and the "Some Definitions" section, which states in part:

> "We," "us," "our" and "Capital One" means Capital One Bank (USA), National Association; and its agents, authorized representatives, successors, and assignees.

(Doc. 53-7, p. 6). Defendant also argues that the Declaratory Ruling of the Federal Communications Commission in *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* forecloses Plaintiff's TCPA claim, as in that Ruling, the FCC stated that "[c]alls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." 23 FCC Rcd 599, 565 (Jan. 4, 2008). The calls here, Defendant argues, should be treated as though Capital One made them–which it was authorized to do.

Plaintiff responds that Leading Edge is not entitled to benefit from any consent she purportedly gave Capital One by virtue of the 2010 Customer Agreement. She points to the Master Services Agreement between Capital One and Leading Edge to argue that Defendant was not entitled to receive any benefit from agreements between Capital One and its customers (Doc. 65-1,

p 15). Further, she disputes that she consented to Capital One contacting her via her cell phone.

Discussion

As an initial matter, Defendant's standing argument fails. The Court finds *Keele v. Wexler* dispositive: "The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages…In other words, the Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." 149 F.3d at 593-94. Plaintiff's alleged violations of § 1692 give her standing here. As to Article III standing for Plaintiff's TCPA claim, the Court agrees with the rationale of Judge Lefkow in the Northern District of Illinois: Plaintiff has "allege[d] that defendant[] violated interests that are protected by the TCPA," and her injury-in-fact is the time, frustration and expense she bore fielding unconsented-to automated calls. *Martin v. Leading Edge Recovery Solutions, LLC,* No. 11 C 5886, 2012 WL 3292838, *2-3 (N.D.Ill. Aug. 10, 2012).

Turning to Defendant's arguments for summary judgment on Plaintiff's two claims, the standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). Here, disputes of material fact remain as to both Plaintiff's FDCPA and TCPA claims, so summary judgment is inappropriate.

Defendant claims there is no FDCPA § 1692 violation because there is indisputably no evidence that Defendant caused charges to be made by concealment; six 'annoying' voicemails are insufficient to show harassment or abuse; and the statute requires only that Defendant's employees provided their own identities.[1] Section 1692d forbids debt collectors from "engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" and "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d. The Court cannot as a matter of law say that the calls and voicemails described here entitle Leading Edge to summary judgment. *See Swearingen v. Portfolio Recovery Associates, LLC,* No. 11 C 01051, 2012 WL 4354748, *3-4 (N.D.Ill., Sept. 24, 2012) ("Courts have phrased the central issue under § 1692d to be whether the volume and pattern of calls demonstrates an intent to contact debtors rather than an intent to annoy, abuse or harass them...The issue of intent is often a question for the jury.") (internal citations and quotations omitted). Similarly, the Court cannot say as a matter of law that when Leading Edge employees failed to identify the company

---

[1] "To show a violation of the FDCPA, the plaintiff must show (1) that the plaintiff is a 'consumer' within the meaning of the statute; (2) that the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) that the defendant has violated the FDCPA by act or omission." *Talbott v. GC Services Ltd. Partnership,* 53 F.Supp.2d 846, 850 (W.D.Va. 1999). Here, Leading Edge argues that the undisputed facts show no violation by act or omission.

from which they were calling and further failed to identify that company as a debt collector they were *not* in violation of § 1692f, which provides in part, that a debt collector is in violation of the statute if it "caus[es] charges to be made to any person for communications by concealment of the true purpose of the communication." 15 U.S.C. § 1692d. There is an outstanding factual dispute–the parties disagree over whether Ms. Anderson incurred charges as a result of Defendant's messages. Further, Defendants have failed to convincingly argue that a phone message which omits the name of the debt collection company and omits that the purpose of the call was debt collection is, as a matter of law, not an "unfair or unconscionable" "communication by concealment." Leading Edge is not entitled to summary judgment on Plaintiff's FDCPA claim.

Defendant's position that it is entitled to summary judgment on Plaintiff's TCPA claim cannot succeed because there is at least one outstanding issue of material fact. If Ms. Anderson willingly provided her cell phone number to Capital One, then Leading Edge would have a much better argument for judgment here. *See* 23 FCC Rcd. at 564-65 ("[P]rovision of a cell phone number to a creditor...reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt...Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."); *see also, Soppet v. Enhanced Recovery Company, LLC,* 679 F.3d 637, 643 (7th Cir. 2012) ("Of course a subscriber's consent to be called at a given number is consent to be contacted at that number."). However, Plaintiff disputes that she provided Capital One her cell phone number. Defendant has not shown that Plaintiff did so. "[T]he creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question

arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." 23 FCC Rcd. at 565.  It is not clear how Capital One obtained Ms. Anderson's cell phone number, much less how Defendant obtained her cell phone number.  Whether Defendant initiated calls to Plaintiff with or without her "prior express consent" remains an open question, and this pending issue precludes summary judgment on Plaintiff's TCPA claim.  47 U.S.C. § 227(b)(1).

Conclusion

Defendant's motion for summary judgment (Doc. 52) is **DENIED.**  The Court will issue deadlines for responses to Plaintiff's pending motions to certify class and to amend the complaint by interlineation by separate Order.

**IT IS SO ORDERED.**

DATED: September 30, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge